# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTONIO LOPEZ VILLEDA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-00302-RFB-EJY<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is the (ECF No. 3) Amended Petition for Writ of Habeas Corpus ("Petition") and (ECF No. 2) Motion for Preliminary Injunction filed by Petitioner. The Court consolidates the arguments on the Motion with the merits of the Petition pursuant to Federal Rule of Civil Procedure 65(a)(2). The Court incorporates by reference its factual findings set forth on the record at the February 18, 2026, hearing on the instant matter. The Court incorporates by reference its rulings on Respondents' arguments as to jurisdiction, administrative exhaustion, detention under the Immigration and Nationality Act and due process from its decisions in Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715 (D. Nev. Jan. 26, 2026), Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025), Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas. See id., at *10-18 (Douglas, J., dissenting).

Accordingly, the Court orders Respondents to immediately release Petitioner pursuant to the bond conditions set forth in the alternative by the IJ, as there has been no showing that his

detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

Therefore, **IT IS HEREBY ORDERED** that the (ECF No. 3) Amended Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Preliminary Injunction is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention no later than **4:00 p.m. TOMORROW, February 19, 2026**, in any event. Petitioner shall be subject to the bond and other conditions imposed in the alternative by the immigration court.

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERED** that Petitioner be afforded until **March 19, 2026** to satisfy the monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **February 20, 2026** confirming Respondents' compliance with this Order.

///

///

///

1   The Clerk of Court is instructed to enter judgment accordingly and close this case. The
2   Court retains jurisdiction to enforce its order and judgment. Likewise, the
3   Court retains jurisdiction to consider any request for attorney's fees and costs pursuant to 28
4   U.S.C. § 2412.

**DATED:** February 18, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**